# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DR. MARCO BITETTO,

         Plaintiff,

   v.           1:18-CV-886
                (BKS/ATB)

JO SEONG-JIN,

        Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DR. MARCO BITETTO
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Dr. Marco Bitetto.[1] (Dkt. Nos. 1, 3).

## I. IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 3). This court agrees and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] This action was administratively closed after plaintiff originally filed his complaint based on his failure to properly complete the IFP application. (Dkt. No. 2). Plaintiff resubmitted a corrected application on August 6, 2018, the action was reopened and sent to me for initial review. (Dkt. No. 4).

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).   The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Facts

Plaintiff states that he registered "his invention as a copyrightable [sic] patent,"

and that this "invention" is "protected as a patent." (Dkt. No. 1). Plaintiff states that "[t]his case . . . deals with the theft of patented protected information by Samsung corporation." (*Id.*) These are the only facts that plaintiff has stated in the complaint. Attached to the complaint is, what appears to be, an internet article, dated August 12, 2016 which is entitled "Samsung uses IBM's brain-inspired chip to recognize gestures." (Dkt. No. 1 at 2-4).[2] There is no further information in the complaint.

## III.   **Discussion**

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Although in this case, plaintiff clearly states that he registered "his invention," that this "invention" is protected by patent, and that the case deals with the theft of patented information by "Samsung," these conclusory statements fail to state a claim for patent infringement.

Until December of 2015, the sufficiency of a complaint for patent infringement pursuant to 35 U.S.C § 271 required that plaintiff identify a patent that he owns; and allege that defendant has been infringing the patent by making, selling, and using the device embodying the patent; that the plaintiff has given the defendant notice of the infringement; and includes a demand for an injunction and damages. *Gradient Ents., Inc. v. Skype Technologies S.A.*, 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012) (citing

---

[2] This court is citing to the pages of the complaint as assigned by the court's electronic filing system - CM/ECF).

Form 18 of the Appendix of the Fed. R. Civ. P. – Complaint for Patent Infringement).

Form 18 was abrogated in December of 2015 because it was insufficient to state a claim

under *Twombly* and *Iqbal*. *Holotouch, Inc. v. Microsoft Corp*., No. 17 Civ. 8717, 2018

WL 2290701, at *3 (S.D.N.Y. May 18, 2018).  Although subsequent decisions[3] have

discussed how much additional information may be required under *Twombly* and *Iqbal*,

plaintiff in this case has not included even the bare minimum information that was

required under Form 18.

A review of the documents submitted by plaintiff shows that he does not

"identify" his patent, he does not allege how "the defendant" has infringed the patent,

and although he states that the patent was infringed, or patented information stolen, by

Samsung, the named defendant in this case is an individual named Jo Seong-jin.

Samsung is not listed as a defendant, and plaintiff has not stated how defendant Jo

Seong-jin infringed upon a patent owned by plaintiff.  In fact, defendant Jo Seong-jin

has not been identified anywhere in the plaintiff's papers, although in the Civil Cover

Sheet, plaintiff has listed an address in Huntsville, Alabama for Jo Seong-jin.

There are also other types of patent infringement that seem less relevant to this

action. *See Gradient Ents., Inc. v. Skype Technologies S.A.*, 848 F. Supp. 2d 404,

408-409 (W.D.N.Y. 2012) (discussing direct versus indirect patent infringement and

discussing the applicability of the *Twombly/Iqbal* standard to each type).  This plaintiff

would fail to state a claim for patent infringement under any standard.

This complaint could also be interpreted as alleging some sort of violation of

---

[3] *See Crypto Research, LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 685-86 (S.D.N.Y. 2017) (discussing cases).

trade secret protection.  Plaintiff states that there has been "theft of patented protected information" by Samsung. (Dkt. No. 1 at 1).  Unlike patents, trademarks, and copyrights, trade secrets, to the extent that they are protected, are generally protected under state law. *See Speedry Chemical Products, Inc. v. Carter's Inc. Co.*, 306 F.2d 328, 330 (2d Cir. 1962); *Licata & Co., Inc. v. Goldberg*, 812 F. Supp. 403, 409 (S.D.N.Y. 1993) (unlike patents, trade secrets are not protected from use by others absent breach or knowingly taking advantage of a breach of contract by others).

While there is a "property right" in trade secrets, and this right may be protected against those who acquire and use the knowledge thereof wrongfully, there is no exclusive right against another who discovers the secret by fair means, or "against those who acquire knowledge of [the trade secret] without a breach of contract or of a confidential relationship with the discoverer." *Id.* (citing *Ferroline v. General Aniline & Film Corp.*, 207 F.2d 912 (7th Cir. 1953); *American Dirigold Corp. v. Dirigold Metals Corp.*, 125 F.2d 446 (6th Cir. 1942); Nims, Unfair Competition and Trade-Marks, 4th Ed. p. 418).  The plaintiff must also show that he took "substantial measures to protect the secret nature of [the] information." *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 267 (S.D.N.Y. 2014) (citing *Geritrex Corp. v. Dermarite Indus., LLC*, 910 F. Supp. 955, 961 (S.D.N.Y.1996) (internal citation omitted)).  Finally, the law requires that a trade secret plaintiff must "describe the secret with sufficient specificity that its protectability can be assessed and to show that its compilation is unique." *Next Communications, Inc. v. Viber Media*, No. 14-CV-8190, 2017 WL 4402540, at *5 (S.D.N.Y. Sept. 30, 2017) (citation omitted).

As stated above, plaintiff's complaint contains only conclusory allegations of some sort of patent infringement and/or theft of protected information. The article attached to the complaint does not clarify plaintiff's claims. The article is dated August 12, 2016 and discusses a "chip" with "structures that mimic the human brain." (Dkt. No. 1 at 3). The article states that a vice president of research at Samsung[4] demonstrated how a particular chip could "help a computer be better at recognizing hand gestures . . . ." (*Id.*) Neither plaintiff, nor defendant are mentioned in this article, and it is impossible for the court to determine how this article is relevant to plaintiff's claim without any explanation by the plaintiff. Thus, as it is currently written, plaintiff's complaint fails to state a claim and may be dismissed.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Although the plaintiff's complaint must be dismissed for failure to state a claim, the court will recommend that the dismissal be without prejudice to plaintiff submitting a proposed amended complaint which corrects the deficiencies in the original. Any amended complaint must be a complete pleading, which may not incorporate any part of the original "by reference." Any amended complaint should be in proper form, should cite the basis for jurisdiction and the statute under which plaintiff may be suing.

---

[4] The individual mentioned in the article is not the named defendant.

Plaintiff should also list the defendant or defendants that he wishes to sue and how each defendant violated the plaintiff's rights.  Plaintiff may not merely state that a defendant has stolen plaintiff's "patented protected" information without stating what that information is, how it is protected, and how the defendant or defendants infringed on the patent.[5]

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's application for IFP status (Dkt. No. 3) is GRANTED FOR FILING PURPOSES,[6] and it is

RECOMMENDED, that the complaint be DISMISSED WITHOUT PREJUDICE TO AMENDMENT pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

RECOMMENDED, that if the District Court adopts this Recommendation, plaintiff be afforded forty-five (45) days from the date of the District Court's order within which to amend his complaint and submit the proposed amended complaint[7] for the court's review or to request an extension of time to do so, and it is

---

[5] The court also notes that when an action for Patent/Trademark Infringement or Copyright Infringement is filed, a report is sent to either the Patent and Trademark Office or the Register of Copyrights, notifying that an action has been filed on the appropriately identified patent(s) or copyright(s). *See* AO Forms 120 & 121.  The court also notes that the Northern District of New York has "Local Rules of Procedure for Patent Cases."

[6] The Court notes that although plaintiff's IFP application has been granted, plaintiff will still be required to pay fees that she may incur in the future regarding this action, including but not limited to copying and/or witness fees.

[7] As stated above, the plaintiff should be warned that any proposed amended complaint must be a complete pleading which supercedes the original and may not incorporate any part of the original "by reference."

**RECOMMENDED**, that if the District Court adopts this Recommendation, and if plaintiff submits a proposed amended complaint, the court direct the Clerk to send it back to me for further review, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, and plaintiff fails to submit a proposed amended complaint or request an extension of time to do so by the date stated by the District Court, the complaint be dismissed **WITH PREJUDICE** without further order or recommendation by the court, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation upon the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:  August 9, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge